■ In the Matter of the Claim of ITALO DI FEBBO, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [662 NYS2d 932] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 2, 1996, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a sales manager until he resigned after receiving two work assignments that were to be done on the same day, one of which would have required him to work extra hours during the weekend. The Unemployment Insurance Appeal Board ruled that claimant had left his employment under disqualifying circumstances. We affirm. Evidence presented by the employer disclosed that claimant had failed to speak to his supervisor before resigning regarding his work-related concerns. Hence, claimant did not act in a reasonably prudent manner to protect his employment (*see, Matter of Etheridge [Hudacs]*, 184 AD2d 886, *lv denied* 80 NY2d 759). Claimant's contention that he did not resign but was "forced out" of his job after he refused to "cover" for the misdeeds of his predecessor raised an issue of credibility for resolution by the Board (*see, Matter of Cattan [French & Eur. Publs.—Hudacs]*, 187 AD2d 858).

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.